David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for Plaintiff,
Alyssa Samuelson

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Samuelson, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Green Tree Servicing LLC,<br><br>　　　　　　　　　Defendant. | **Case No: 2:13-cv-00656-DGC**<br><br>**[CLASS ACTION]**<br><br>**Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. Pro. 12(B)(6)**<br><br>Hon. David G. Campbell<br><br>No Oral Arguments Requested |

## I.   INTRODUCTION

Here, Defendant brings a second Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Plaintiff's First Amended Complaint (the "FAC"), arguing that Plaintiff's First Amended Complaint, (FAC) should be dismissed for failure to state a claim because Defendant asserts that Plaintiff's claims are outside the applicable statute of limitations.

This argument lacks support in both law and fact.  In regard to Defendant's various assertions of Plaintiff's insufficient pleading, if this Court agrees that any portion of Plaintiff's FAC was inadequately pled, Plaintiff respectfully requests leave to amend as the facts before the Court show a plausible claim for relief under each theory pled in Plaintiff's FAC.

### A.   DEFENDANT HAS FILED A BOILERPLATE MOTION BASED ON A MISUNDERSTANDING OF THE LAW.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law.  When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[1]

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007), a case the defendant relies upon, the Supreme Court merely rejected the "no set of facts" language used in *Conley v. Gibson*, 355 U.S. 41 (1957).  In *Conley*, the Court previously stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *Conley*, 355 U.S., at 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (Italics added).

---

[1] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) and *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)), cert denied sub nom, *Xavier Univ. of La. v. Travelers Cas. Prop. Co. of Am.*, 182 S.Ct. 1230 and *Chehardy v. Allstate Indem. Co.*, 128 S.Ct. 1231 (2008).

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff is an Arizona resident obligated to pay a debt and is a "consumer" pursuant to the Fair Debt Collection Practices Act, ("FDCPA") and the Fair Credit Reporting Act, ("FCRA") (FAC ¶¶ 11, 13 & 14). On or about September, 2005, Plaintiff is alleged to have incurred certain financial obligations, in the form of a purchase money second mortgage (FAC ¶ 19).  The property securing Plaintiff's second mortgage was foreclosed through a trustee sale on or about September, 2010 (FAC ¶ 20).

Subsequently, but before January, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection after Plaintiff had defaulted on the loan (FAC ¶ 24).  Defendant is a debt collector and a furnisher of information to the consumer credit reporting agencies pursuant to the FDCPA and FCRA respectively (FAC ¶¶ 15 & 16).

According to Arizona law, the purchase money second mortgage allegedly owed to Defendant was extinguished in the foreclosure and trustee sale (FAC ¶ 25). *See Bank One vs. Beauvais*, 188 Ariz. 245, and *Baker vs. Gardner*; 160 Ariz. 98.

Plaintiff subsequently learned that Defendant had incorrectly reported the alleged debts on her credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files (FAC ¶ 30).  Specifically, Defendant had reported the second mortgage to all three credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.  Additionally, Defendant has been reporting the account as a line of credit, when in fact it was a purchase money second mortgage (FAC ¶ 31).  Finally, Defendant is reporting the account was opened in December, 2005, when in fact it was opened in September, 2005. *Id.*

Although, Plaintiff has attempted to correct some of the incorrect entries on her credit report for over two years, to no avail (FAC ¶ 32), it wasn't until January, 2013, that Plaintiff discovered that Defendant should not be reporting a balance owed due to Arizona's anti-deficiency laws (FAC ¶ 33).  Based on this discovery,

Plaintiff then decided to dispute the account (FAC ¶ 34).

On or about January 31, 2013, Plaintiff disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit reporting agencies ("CRAs"), in writing, informing them of the incorrect entries including the fact that a balance was no longer owed (FAC ¶ 35).  Plaintiff also sent Defendant a copy of her dispute letter directly, which cited the relevant statute and case law supporting Plaintiff's position that the debt was not owed (FAC ¶ 36).  Subsequently, Plaintiff received notification from credit reporting agencies, Equifax and Experian, that Defendant received notice of Plaintiff's dispute pursuant, and that Defendant had verified the account as being reported accurately on Plaintiff's credit report (FAC ¶¶ 37 & 38).

Defendant, upon receiving notice of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) (FAC ¶ 39). Defendant also failed to review all relevant information provided by Plaintiff in her dispute to the CRAs and what was sent directly to Defendant as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B) (FAC ¶ 40).  By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as required by 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E) (FAC ¶ 41).

By reporting the alleged debt on Plaintiff's credit report, and by still insisting to Plaintiff that the alleged debt was still valid and due, Defendant was attempting to collect the alleged debt that was not legally owed (FAC ¶ 46).  Furthermore, Defendant sent collection letters actively attempting to collect the invalid debt as well as threatening to "consider additional action to collect" the alleged debt which would not have been legal (FAC ¶ 47).

### III. LEGAL STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require only that this "statement" constitute a "showing, rather than a blanket assertion of entitlement to relief." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Twombly*, 127 S. Ct. at 1964). A plaintiff's factual allegations need only "be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.[2]

It is axiomatic that in deciding a motion to dismiss for failure to state a claim, the court must "accept as true all the allegations in the complaint and all reasonable inferences than can be drawn therefrom, and view them in light most favorable to the plaintiff." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F. 3d 661, 663 (9th Cir. 2000); *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986). Moreover, the accepted rule is that a complaint is not to be dismissed, "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 350 U.S. 41, 45-46 (9157); *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1980). Under this rule, it is only the extraordinary case in which a dismissal is proper. *Corsican Productions v. Pitchess*, 338 F.2d 441, 442 (9th Cir. 1964). Accordingly, "[a] motion to dismiss for failure to state a cause of action is viewed with disfavor and is rarely granted." *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"[4] "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility

---

[2] "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)

[3] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (emphasis added)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''"[5] "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]

In ruling on a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."[7] The court, however, need not accept "legal conclusions" as true.[8] Thus, "a formulaic recitation of the elements of a cause of action will not do."[9] It is also improper for the court to assume that plaintiff "can prove facts that it has not alleged."[10] On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[11]

A complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required but the Rule does call for sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S., at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Id.* While legal conclusions may provide the complaint's framework, they must be supported by factual allegations. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

---

[5] *Id.* (internal citation omitted)

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)

[7] *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)

[8] *Iqbal*, 129 S. Ct. at 1949

[9] *Bell Atlantic Corp v. Twombly*, 550 U.S. at 555

[10] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)

[11] *Ashcroft v. Iqbal*, 129 S. Ct. at 1950

plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S. Ct. at 1941.

## III. ARGUMENT

### A. PLAINTIFF'S FCRA CLAIMS ARE WITHIN THE APPLICABLE STATUTE OF LIMITATIONS BECAUSE DEFENDANT VERIFIED THE INCORRECT INFORMATION WITHIN THE LAST YEAR.

In this case, the statute of limitation commences upon Defendant's response to Plaintiff's dispute, not the discovery of the inaccurate information. Pursuant to § 1681p: The FCRA's statute of limitations expires the earlier of: (1) two years after the date of discovery by the plaintiff of the violation, or (2) five years after the date of the violation. However, the furnisher's duties under section 1681a-2(b) commence at the earliest only when it receives a request for reinvestigation from a credit reporting agency. *See Forester v. Pennsylvania Higher Educ. Assistance Agency*, 2009 WL 3710517 (C.D. Cal. Oct. 30, 2009); *Hukic v. Aurora Loan Services, Inc.*, 2007 WL 2563363 (N.D. Ill. Aug. 31, 2007), *aff'd,* 588 F.3d 420 (7th Cir. 2009); *Rambarran v. Bank of Am. Corp.*, 2007 WL 2774256 (S.D. Fla. Sept. 24, 2007); *Zotta v. Nationscredit Fin. Services*, 297 F. Supp. 2d 1196 (E.D. Mo. 2003).

Thus, an actionable violation can only occur when a furnisher breaches one of those duties, not when it reported the underlying inaccurate information or otherwise took action for which there is no private remedy. *See Deaton v. Chevy Chase Bank*, 157 Fed. Appx. 23 (9th Cir. Nov. 28, 2005) (unpublished) (acknowledging the principle, and observing that the action was timely because the consumer filed within two year of lodging the dispute with the CRA); *Bishop v. U.S. Bancorp.*, 91 Fed. Appx. 583, 2004 WL 557299 (9th Cir. Mar. 22, 2004) (unpublished) (liability arose no earlier than when the consumer notified the CRA that he disputed the accuracy of credit information provided by the furnisher); *Alarcon v. Transunion Mktg. Solutions, Inc.*, 2008 WL 4449387 (N.D. Ohio Sept. 30, 2008); *Ehreth v. Capital One Services, Inc.*, 2008 WL 3891270 (W.D. Wash. Aug. 19, 2008) (plaintiff who filed suit two days after allegedly notifying CRAs of dispute could not have suffered section 1681s-2(b) damages since furnisher had not

yet had the opportunity perform its investigation duties); *Pletz v. MBNA Am.*, 2007 WL 518756 (S.D. Ill. Feb 15, 2007) ("the statute of limitations does not run until this requisite dispute process is complete"); *Poarch v. Am. Gen. Fin. Services, Inc.*, 2007 WL 274807 (W.D.N.C. Jan. 25, 2007) (claim arose sometime after submission of dispute to the reporting agency when the furnisher failed to conduct a proper investigation); *Drew v. Equifax Info. Services*, 2007 WL 2028745 (N.D. Cal. July 7, 2007) ("in January and February of 2004, the credit card defendants received the notice that should have triggered an investigation pursuant to section 1681s-2(b). Accordingly, pursuant to section 1681s-2(b)(2) the credit card defendants should have completed their investigations by March 2004, and any violation of their duty to do so would have occurred by that date"); *Rambarran v. Bank of Am. Corp.*, 2007 WL 2774256 (S.D. Fla. Sept. 24, 2007) (consumer's pre-CRA dispute directly with the furnisher did not "trigger the investigatory obligations of section 1681s-2(b)" so as to start the statute of limitations); *Thomas v. U.S. Bank*, 2007 WL 764312 (D. Or. Mar 8, 2007); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492 (D. Md. 2004) (statute begins to run from time when the furnisher failed to comply with its duty to investigate); *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918. 927. 928 (N.D. Ill. 2000) (plaintiff had two years after furnisher's failure to comply with reinvestigation request to sue, even though furnisher's initial report to the inaccurate information occurred earlier); *Zotta v. Nationscredit Fin. Services*, 297 F. Supp. 2d 1196 (E.D. Mo. 2003). *Cf. Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631 (5th Cir. 2000) (republication of credit information resulting in a new denial of credit is a distinct harm that gives rise to a new cause of action; furnisher's reinvestigation duties exist only after it receives reinvestigation request from CRA); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001) (furnisher's republication of old inaccurate information, apparently in response to reinvestigation request, within two-year period satisfies statute of limitations), *vacated in part on other grounds*, 2001 U.S. Dist. LEXIS 10221 (E.D. Pa. June 20, 2001). But *cf. Ryan v. Trans Union Corp.*, 2000 WL 1100440 (N.D.

III. Aug. 4, 2000) (no FCRA claim where plaintiff did not allege that furnisher failed to comply with reinvestigation duties after 1996 amendments; court erroneously suggests in dictum that a request for reinvestigation cannot create a cause of action where the inaccurate information is old).

Importantly, a new violation is committed each time plaintiff submits a dispute or makes a renewed complaint to the CRA and the CRA does not reasonably investigate it. *See Broccuto v. Experian Info. Solutions, Inc.*, 2008 WL 1969222, at *4. (E.D. Va. May 6, 2008) (plain textual reading of the statute, noting that the "fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the bank or credit reporting agency to take actions outlined in 1681s-2(b)(I)(A)-(D)"). *Accord Larson v. Ford Credit*, 2007 WL 1875989, at *9 (D. Minn. June 28, 2007). The fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the furnisher or CRAs to take the actions outlined in the statute; the statute of limitations runs from the discovery of the violation (for example, failure to investigate the dispute), not the discovery of the inaccurate information. *Broccuto v. Experian Info. Solutions, Inc.*, 2008 WL 196922, at *4, (E.D. Va. May 6, 2008).

In this case, the FCRA violations committed by Defendant occurred in early 2013 because of the dispute made by Plaintiff in January, well within the statute of limitations. On or about January 31, 2013, Plaintiff disputed the accounts by notifying all three credit reporting agencies, in writing, informing them of the incorrect entries including the fact that a balance was no longer owed (FAC ¶ 35). Plaintiff also sent Defendant a copy of her dispute letter directly, which cited the relevant statute and case law supporting Plaintiff's position that the debt was not owed (FAC ¶ 36). Subsequently, Plaintiff received notification from credit reporting agencies Equifax and Experian that Defendant received notice of Plaintiff's dispute, and verified the account as being reported accurately on Plaintiff's credit report

(FAC ¶¶ 37 & 38).

At this time, in 2013, Defendant's FCRA violations took place by: 1) Defendant, upon receiving notice of Plaintiff's dispute, failing to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) (FAC ¶ 39); 2) Defendant also failed to review all relevant information provided by Plaintiff in her dispute to the CRAs and directly to Defendant as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B) (FAC ¶ 40); and 3) by inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E) (FAC ¶ 41).  The violations alleged in Plaintiff's FAC took place in 2013, and Plaintiff filed her complaint well within the applicable statute of limitations.  Therefore, Defendant's Motion to Dismiss Plaintiff's FCRA claim should be denied.

B. **PLAINTIFF'S FDCPA CLAIMS ARE WITHIN THE APPLICABLE STATUTE OF LIMITATIONS DUE TO THE DISCOVERY RULE.**

The statute of limitations commences upon the discovery of the violation.

> The FDCPA sets forth a one-year statute of limitations.  See 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.").  Although the statute states that the one-year period runs "from the date on which the violation occurs," *id.*, the Ninth Circuit applies the discovery rule to FDCPA actions and therefore this one-year period does not actually begin to run until the plaintiff knew or had reason to know of the injury caused by the violation.

*Coleman v. Daniel N. Gordon, P.C.*, 2011 U.S. Dist. LEXIS 146329 (E.D. Wash. Dec. 12, 2011), citing *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009); see also, *Greco-Rambo v. Prof'l Collection Consultants*:

> Plaintiff argues, however, that the limitations period was tolled until Plaintiff discovered Defendants unlawful acts in December 2010.  (Opp'n 8.)  As a general matter, "a limitations period begins to run when the plaintiff knows or has reason to

know of the injury which is the basis of the action." *Mangum v. Action Collection Serv.*, 575 F.3d 935, 940 (9th Cir. 2009) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)). And "a motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207 (9th Cir. 199) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)). Having alleged that Plaintiff was unaware of the default judgment until December 2010, the Court concludes that Plaintiff could prove a set of facts that would establish that equitable tolling applies and that the action was timely. Therefore, the Court declines to dismiss Plaintiff's claims as time-barred.

*Greco-Rambo v. Prof'l Collection Consultants*, 2011 U.S. Dist. LEXIS 95328, 7-8 (S.D. Cal. Aug. 25, 2011).

Here, Plaintiff has attempted to correct some of the incorrect entries on her credit report for over two years, to no avail (FAC ¶ 32). However, Plaintiff made clear, that in January, 2013, Plaintiff **discovered** that Defendant should not be reporting a balance owed due to Arizona's anti-deficiency laws (FAC ¶ 33). Based on this information, Plaintiff then decided to dispute the account (FAC ¶ 34). Therefore, Plaintiff is well within the applicable statute of limitations to file her claims and Defendant's Motion to Dismiss on this basis should be denied.

C. **PLAINTIFF'S FDCPA CLAIMS ARE ALSO WITHIN THE APPLICABLE STATUTE OF LIMITATIONS DUE TO DEFENDANT'S COLLECTION ACTIONS CONTINUED IN 2013.**

Defendant's collection actions took place well within one year of filing Plaintiff's complaint and are therefore within the FDCPA one year statute of limitations. Reporting a debt to a consumer's credit report is an attempt to collect a debt. *See Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a credit card debt to a CRA is a "powerful tool designed, in part, to wrench compliance with payment terms from its cardholder"); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991); *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp.

1320, 1331 (D.Utah 1997); *Sullivan v. Equifax*, 2002 U.S. Dist. LEXIS 7884 *15 (E.D. Pa. Apr. 19, 2002); *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492 n.4 (D. Md. 2004) ("The act of a debt collector reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be 'in connection with' the collection of a debt"); *Blanks v. Ford Motor Credit*, 2005 WL 43981 *3 (N. D. Tex. Jan. 7, 2005).

In this case, by reporting the alleged debt on Plaintiff's credit report, and by insisting to Plaintiff that the alleged debt was still valid and due, Defendant was attempting to collect the alleged debt (FAC ¶ 46). Furthermore, Defendant sent collection letters actively attempting to collect the debt as well as threatening to "consider additional action to collect" the alleged debt (FAC ¶ 47). These alleged FDCPA violations occurred in 2013, and are therefore within the applicable one year statute of limitations. Therefore, Defendant's motion to dismiss Plaintiff's FDCPA claims should also be denied.

### D. PLAINTIFF HAS ADEQUATELY PLED A FCRA CLAIM PURSUANT TO 15 USC § 1681S-2(B)

Defendant Green Tree is a "furnisher of credit information" as defined under the Fair Credit Reporting Act (FCRA) because it furnishes information to credit agencies. (FAC ¶ 16). Liability pursuant to 15 U.S.C. §1681s-2(b) arises after the furnisher, Defendant Green Tree, verifies incorrect information. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). *See also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-1060 (9th Cir., 2002) (A private right of action exists under subsection 1681s-2(b) if the furnisher breaches one of its "four duties: to conduct an investigation with respect to the disputed information; to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results to all [nationwide] consumer reporting agencies to which the person furnished the information.") *Betts v.*

*Equifax Credit Information Services, Inc.*, 245 F.Supp.2d 1130, 1134 (W.D. Wash., 2003) (A private right of action exists under subsection 1681s-2(b) if a person negligently or willfully fails to comply with any FCRA requirement.)

In this case, Plaintiff has clearly pled that Defendant had incorrectly reported the alleged debts on her credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files (FAC ¶ 30). Plaintiff then disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit reporting agencies ("CRAs"), in writing, informing them of the incorrect entries including the fact that a balance was no longer owed (FAC ¶ 35). Subsequently, Plaintiff received notification from credit reporting agencies Equifax and Experian that Defendant received notice of Plaintiff's dispute pursuant, and verified the account as being reported accurately on Plaintiff's credit report (FAC ¶¶ 37 & 38).

Defendant has conceded that "If, after conducting an investigation, the furnisher of information confirms with the credit agencies that its initial report about the consumer is accurate, the consumer then has a cause of action against the furnisher of information for verifying the allegedly false information." (*See* Defendant's Motion to Dismiss page 5, lines 1 through 4.) Therefore, Plaintiff has clearly alleged Defendant Green Tree has breached their duties as a furnisher under 15 U.S.C. §1681s-2(b) and Defendant's Motion to Dismiss Plaintiff's FCRA claim should be denied.

E.   **PLAINTIFF HAS ADEQUATELY PLEAD A FDCPA CLAIM PURSUANT TO 15 U.S.C. § 1692F(1).**

Reporting a debt to a consumer's credit report, is an attempt to collect a debt. *See Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a credit card debt to a CRA is a "powerful tool designed, in part, to wrench compliance with payment terms from its cardholder"); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991); *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. 1320, 1331 (D.Utah 1997); *Sullivan v. Equifax*, 2002 U.S. Dist. LEXIS 7884 *15 (E.D. Pa. Apr. 19, 2002); *Akalwadi v. Risk Management Alternatives, Inc.*, 336

F.Supp.2d 492 n.4 (D. Md. 2004) ("The act of a debt collector reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be 'in connection with' the collection of a debt"); *Blanks v. Ford Motor Credit*, 2005 WL 43981 *3 (N. D. Tex. Jan. 7, 2005).

Therefore, by Defendant Green Tree reporting a balance due on Plaintiff's credit report for an invalid debt, Defendant Green Tree was attempting to collect an amount not owed, not authorized by the agreement, nor permitted by law and therefore violated 15 U.S.C. § 1692f(1).

15 U.S.C. § 1692f(1) states that the following conduct is a violation:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

According to Arizona law, the purchase money second mortgage allegedly owed to Defendant was extinguished in the foreclosure and trustee sale (FAC ¶ 25). *See Bank One vs. Beauvais*, 188 Ariz. 245, and *Baker vs. Gardner*; 160 Ariz. 98. Therefore, Defendant Green Tree was collecting an amount not owed, nor permitted by law in violation of 15 U.S.C. § 1692f(1) and on that basis, Defendant's Motion to Dismiss Plaintiff's FDCPA claim should be denied.

IV. **IN THE EVENT THIS COURT FINDS PLAINTIFF'S FAC INADEQUATE, JUSTICE REQUIRES THAT THIS COURT AFFORD PLAINTIFF LEAVE TO AMEND, RATHER THAN GRANTING DEFENDANT'S REQUEST FOR DISMISSAL.**

If granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.[12] In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect

---

[12] *Cook, Perkiss & Liehem Inc. v. N. Cal Collection Serv. Inc.,* 911 F.2d 242, 246-247 (9th Cir. 1990)

requiring dismissal "without contradicting any of the allegations of [the] original complaint."[13]  Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.[14]

Here, the facts show that at a very minimum, Plaintiff can (assuming Plaintiff has not adequately done so already) plead claims for violations of the FDCPA and FCRA. If this Court finds that Plaintiff's pleading is inadequate, Plaintiff respectfully requests leave to amend her claims.  Such circumstances are the norm when it appears that a plaintiff has a viable cause of action, but for one reason or the other, a court finds that such a cause of action was inadequately pled. *Forman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend shall be freely given); *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (the Ninth Circuit has stressed the policy favoring amendments, holding that a trial court "should be guided by the underlying merits, rather than on technicalities or pleadings").

I.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendant's request to dismiss Plaintiff's FAC.  Alternatively, if this Court is persuaded that Plaintiff's FAC suffers from any curable deficiencies, Plaintiff respectfully requests leave to amend.

Date: August 26, 2013                                **Hyde & Swigart**

 */s/ David J. McGlothlin*
David J. McGlothlin, Esq.
E-mail: david@westcoastlitigation.com
Attorneys for Plaintiff

---

[13] *Reddy v. Litton Indus., Inc.,* 912 F. 2d 291, 296 (9th Cir. 1990)

[14] *Id.* at 296-297