**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alyssa Samuelson,<br><br>               Plaintiff,<br><br>v.<br><br>Green Tree Servicing, LLC,<br><br>               Defendant. | No. CV-13-00656-PHX-DGC<br><br>**ORDER** |

Defendant Green Tree Servicing, LLC has filed a motion to dismiss for failure to state a claim. Doc. 12. The motion is fully briefed and no party has requested oral argument. For the following reasons, the Court will deny the motion.

**I.    Background.**

Plaintiff Alyssa Samuelson obtained a loan and purchase money second mortgage in September 2005. Doc. 10, ¶ 19. In September 2010, the mortgage was foreclosed through a trustee's sale. *Id.*, ¶ 20. Defendant acquired Plaintiff's loan after her default. *Id.*, ¶¶ 21, 24. Plaintiff contends that she no longer owes money on the loan because of Arizona's anti-deficiency statute, and that the statute bars Defendant from attempting to collect it. *Id.*, ¶ 26. Plaintiff further contends that Defendant inaccurately reported that her account is past due with a balance owed. *Id.*, ¶¶ 30-31. She claims that she disputed the account in January 2013, after learning of the anti-deficiency statute. *Id.*, ¶¶ 33-37; *see also* Ariz. Rev. Stat. § 33-814(g) (West 2013). In response to the dispute, Defendant verified the account as being reported accurately to multiple credit bureaus. Doc. 10, ¶¶ 37-38. Plaintiff then commenced this action, alleging violations of the Fair Credit

Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), respectively 15 U.S.C. §§ 1681 and 1692, on her behalf and on behalf of a class of persons similarly situated. *Id.*, ¶¶ 39-41, 46-53.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Analysis.

### A. Fair Credit Reporting Act Claims.

Plaintiff first alleges that Defendant violated 15 U.S.C. § 1681s-2(b)(1), which sets forth requirements that furnishers of information to credit reporting agencies must follow when they receive a notice of a dispute. After receipt of such notice, furnishers of information must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; (4) in the event the investigation finds that the information is incomplete or inaccurate, report the results to all other consumer reporting agencies; and (5) promptly modify, delete, or permanently block the reporting of any item of disputed information that is found to be inaccurate, incomplete, or is unable to be verified. 15 U.S.C. § 1681s-2(b)(1)(A)-(E) (West 2013). Plaintiff alleges that Defendant "failed to conduct an investigation," "failed to review all relevant information," and "failed to correct and update Plaintiff's information." Doc. 10, ¶¶ 39-41.

If the Court accepts as true Plaintiff's factual allegation that her debt was extinguished under Arizona law and is no longer collectable, as it must do at the motion to dismiss stage, Plaintiff's complaint states a valid claim under the FCRA. Assuming the debt was indeed extinguished, Defendant could have violated the FCRA by failing to investigate Arizona law upon receipt of the dispute and by confirming to credit reporting agencies that the debt was valid.

Defendant's argument that Plaintiff's FCRA claim is barred by the statute of limitations is incorrect. As Defendant points out in its motion, "it is only the verification of false information that creates potential liability" under the cited section of the FCRA. Doc. 12 at 5; *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Assuming the allegations in Plaintiff's complaint to be true, Defendant was notified of Plaintiff's dispute on or about January 31, 2013, and confirmed the validity of the debt sometime between that date and the filing of the complaint. Doc. 10, ¶ 35. Accordingly, Plaintiff's claim clearly falls within the two-year statute of limitations. *See* 15 U.S.C. § 1681p (West 2013).

### B. Fair Debt Collection Practices Act Claims.

Plaintiff alleges violations of 15 U.S.C. §§ 1692e and f, which generally prohibit debt collectors from using false or misleading representations or unfair practices. Doc. 10, ¶¶ 46-52. Specifically, Plaintiff alleges that Defendant "sent collection letters actively attempting to collect the debt as well as threatening to 'consider additional action to collect'" the debt. *Id.*, ¶ 47. Plaintiff claims this action violated 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt"; § 1692e(2)(A), which prohibits "[t]he false representation of the character, amount, or legal status of any debt"; § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken"; and § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

*Id.*, ¶¶ 48-50, 52.  Plaintiff further alleges that these collection letters violated 15 U.S.C. § 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Although Defendant argues that Plaintiff "fails to allege any specific violation of the FDCPA" (Doc. 12 at 6), Plaintiff has clearly identified the above-cited provisions of the FDCPA in her complaint (Doc. 10, ¶¶48-52).  Defendant's motion does not address Plaintiff's allegation that Arizona law extinguished the debt in question (*Id.*, ¶ 25).  Taken as true, this allegation, coupled with Defendant's sending of collection letters and threatening to consider additional collection actions (*Id.*, ¶ 47), could subject Defendant to liability under the cited provisions of the FDCPA because Defendant would be attempting to collect a debt not legally owed.  Plaintiff's allegations are sufficient to state a claim under the sections of the FDCPA identified in her complaint.  *See id.*, ¶¶ 48-52.

Defendant also argues that Plaintiff's FDCPA claims are barred by the one-year statute of limitations.  At the motion to dismiss stage, however, dismissal may be based on the statute of limitations only "[i]f the running of the statute is apparent on the face of the complaint[.]" *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Plaintiff's complaint does not specify the dates of the collection efforts that underlie her FDCPA claims, and the Court therefore cannot conclude from the face of the complaint that the claims are time-barred.  This issue should be addressed at summary judgment.[1]

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 12) is **denied**.

Dated this 15th day of October, 2013.

_____
David G. Campbell
United States District Judge

---

[1] The Court will not consider Defendant's arguments raised for the first time in its reply brief. *Lentini v. Cal. Ctr. For the Arts*, 370 F.3d 837, 843 n.6 (9th Cir. 2004).